AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

**FILED**

MAY 22 2023

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

A maroon 2013 Volkswagen Passat, VIN #1VWAH7A37DC101150, as further described in Attachment A

)
)
) Case No. 23-MJ- 7064
)
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A maroon 2013 Volkswagen Passat, VIN #1VWAH7A37DC101150, with Illinois registration CT40812, further described in Attachment A, which is attached hereto and incorporated by reference herein.

located in the _____ Central _____ District of _____ Illinois _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached hereto and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 844(i) | Attempted Arson |

The application is based on these facts:

See Attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Andrew Huckstadt, Special Agent FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone and electronic mail___ *(specify reliable electronic means)*.

Date: 05/22/2023

**Eric Long** Digitally signed by Eric Long
Date: 2023.05.22 15:42:11 -05'00'
*Judge's signature*

City and state: Urbana, Illinois

Eric I. Long, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Location To Be Searched

The property to be searched consists of a maroon 2013 Volkswagen Passat, VIN #1VWAH7A37DC101150, with Illinois registration CT40812, currently located at Carnaghi Towing and Repair, 1110 N. Collett Street, Danville, Vermilion County, in the Central District of Illinois.

## ATTACHMENT B

### Particular Things to be Seized

1. All evidence in the Subject Passat described in Attachment A that relates to violations of 18 U.S.C. § 844(i), including:

    a. Any items that could be used to start a fire or explosion, including, but not limited to, matches, flares, containers filled with gasoline or any other incendiary liquid, old tires, and firewood;

    b. Any items used to force entry to or otherwise damage a building, including, but not limited to, a hatchet and wooden beams; and

    c. Any items that evidence planning and/or a motive for the offense, including maps, newspaper articles, and items related to anti-abortion sentiment.

2. Evidence of attribution showing who used or owned the Subject Passat, including, but not limited to, registration, proof of insurance, identification cards, and personal clothing, correspondence, or items.

## AFFIDAVIT

I, Andrew M. Huckstadt, being first duly sworn on oath, depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), currently assigned to the Champaign, Illinois, Resident Agency of the Springfield, Illinois, FBI Field Office. Previously, I was assigned to the Memphis, Tennessee, FBI Field Office. I have been a Special Agent with the FBI since August 2008. As a federal Agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal courts. Through my employment with the FBI, I have investigated numerous criminal violations relating to violent incident crime, civil rights, kidnapping, drug trafficking, public corruption, child exploitation, and fraud. I have received training in these areas and have had the opportunity to investigate, and assist in the investigation of, these and other offenses – to include having been the affiant on numerous search warrants, arrest warrants, and criminal complaints.

2. I am currently assigned to the Springfield Division Joint Terrorism Task Force, where I investigate violations of United States laws relating to domestic terrorism, weapons of mass destruction, and other matters pertaining to national security. I have gained expertise in the conduct of such investigations through training classes and everyday work related to these types of investigations. I investigated

domestic terrorism matters while at the Memphis, Tennessee, FBI Field Office. I have been assigned to work domestic terrorism matters since December of 2019.

3. This affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a maroon 2013 Volkswagen Passat, VIN #1VWAH7A37DC101150, with Illinois registration CT40812, currently located at Carnaghi Towing and Repair, 1110 N. Collett Street, Danville, Vermilion County, in the Central District of Illinois and further described in Attachment A (hereinafter referred to as the "Subject Passat"), for evidence of violations of Title 18, United States Code, Section 844(i) (attempted arson), as more particularly described in Attachment B.

4. The statements contained in this affidavit are based in part on my own investigation, information provided by other law enforcement officers, information provided by other witnesses, and my experience and background as a law enforcement officer. The information contained in this affidavit is not an exhaustive account of everything I know about this case. Rather, it is only the facts that I believe are necessary to establish probable cause to issue the requested warrant. If called as a witness to testify, I would testify as follows.

## STATUTORY AUTHORITY and TERMS

5. This investigation concerns violations of Title 18, United States Code, Section 844(i), relating to attempted arson, which states:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any

2

activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both . . .

## PROBABLE CAUSE

6. Through the performance of my official duties as a Special Agent with the FBI, I have become acquainted with the following facts. At all relevant times, a building located at 600 N. Logan Avenue, Danville, Vermilion County, in the Central District of Illinois ("the building") has been used or available for use for commercial purposes. The building was previously used as an eye clinic and is currently undergoing renovations to be used as a reproductive health clinic.

7. On May 20, 2023, at approximately 4:30 a.m., Danville Police Department (DPD) officers responded to an alarm at the building. Upon arrival at the building, officers discovered that a maroon 2013 Volkswagen Passat, VIN #1VWAH7A37DC101150, Illinois license plate CT40812, had crashed into it. Officers saw the front end of the Passat sticking out from the north entrance of the building, with the rest of the Passat still inside the building. It appeared to officers that the Passat had backed into the building moving very fast.

8. As one of the responding officers approached the Passat, he saw a male in the driver's seat attempting to open the driver's side door. The officer spoke with the driver, who identified himself as PHILIP BUYNO. After checking on BUYNO's medical condition, the officer told BUYNO to remain seated in the Passat until the Danville Fire Department (DFD) arrived to assist with his removal due to the damage to the building around the Passat.

9. While waiting on the DFD to arrive, BUYNO told the officer that he intentionally crashed his Passat into the building because he had recently learned that it was going to be used as an abortion clinic and his intent was to destroy the building so it could not be used for that purpose. BUYNO told the officer that he had loaded his Passat with old tires, firewood, and a can of gasoline, and that he had intended on lighting his Passat on fire once he had gotten completely inside the building. After BUYNO was removed from the Passat, he told the officer that he was a member of a "rescue group" whose purpose was to prevent abortion clinics from being established.

10. Shortly before 7 a.m. that same date, I received a telephone call from the building owner, L.P., who relayed to me what had happened at the building earlier that morning. I knew from previous contact with L.P. that the building was being renovated to open as a reproductive health care clinic later in 2023 and that it was expected to serve clients from multiple states, including Illinois and Indiana. L.P. provided me videos from surveillance cameras that had just recently been installed at the building, as well as several photographs showing damage caused to the building. The videos showed the Passat backing into the building multiple times. The photographs showed significant damage to the building, especially the front entrance, as depicted in a photograph attached hereto as Exhibit A.

11. Following my conversation with L.P. and my review of the videos and photographs, I contacted the DPD to arrange a joint interview of BUYNO. At approximately 11:30 a.m. the same day, DPD Detective Dawn Hartshorn and I interviewed BUYNO at the Public Safety Building in Danville. The interview was audio

4

and video recorded. Following receipt of his Miranda warnings, BUYNO waived his rights in writing prior to questioning. During the interview, BUYNO admitted that he was active with the anti-abortion movement during the late 1980s and early 1990s and was arrested numerous times for activities related to his opposition to abortion. He said he again became active in the movement after his retirement four years ago and was arrested in 2019 for trespassing at an abortion clinic in Peoria.

12. According to BUYNO, he learned in early May of this year from multiple sources that the building in Danville was going to used as a reproductive health clinic. Thereafter, he developed a plan to destroy the building before the clinic opened by burning the building down. On May 20, 2023, BUYNO drove to the building, arriving between 4 a.m. and 5 a.m. He brought several containers filled with gasoline inside of his car, including one gas can, one anti-freeze can, and a couple of big bottles. He also brought along flares and matches to ignite the gasoline, old tires and firewood to fuel the fire, and a hatchet to cause further damage to the building. He reinforced the trunk of the car with wooden beams to help break into the building. During the interview, I showed BUYNO a photograph of containers (attached hereto as Exhibit B) that were found at the building after the incident, and he confirmed that they were the ones be brought with him.

13. After he arrived at the building, BUYNO drove over the curb to get around the chains that were blocking the entrance. He crashed his Passat into the back of the building and then backed the Passat into the front of the building until it got stuck. After the Passat got stuck, BUYNO was trapped inside and could not get out.

BUYNO stated that he threw the red gas can out of the window so the gas would spill and he could light the gas on fire, but the can landed in an upright position. BUYNO told us that he intended to burn his own car, along with the building, but he never got the chance because he got stuck inside the Passat and then the police arrived.

14. While discussing his actions, BUYNO stated, "If I could sneak in with a gas can and a match, I'd go in there again." BUYNO further said that if he were released from jail tomorrow, he would finish the job.

15. After the incident, the DPD had the Subject Passat and its contents towed to Carnaghi Towing and Repair, 1110 N. Collett Street, Danville, Vermilion County, in the Central District of Illinois. That location is secured with cameras and is used as a police impound lot, among other uses.

## CONCLUSION

16. Based on the foregoing, I submit that there is probable cause to believe that the Subject Passat contains evidence of violations of Title 18, United States Code, Section 844(i) (attempted arson).

FURTHER AFFIANT SAYETH NOT.

_____
Special Agent Andrew M. Huckstadt
Federal Bureau of Investigation
Champaign, Illinois

Subscribed and sworn to before me this 22nd day of May 2023.

**Eric Long** Digitally signed by Eric Long
Date: 2023.05.22 15:42:41 -05'00'
_____
ERIC I. LONG
United States Magistrate Judge

**EXHIBIT A**



Photograph of Damage to Front Entrance of Building Provided by L.P.

## EXHIBIT B



Photograph of Containers Retrieved from Clinic Location